UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD L. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.  1:15-cv-1295-WTL-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON JUDICIAL REVIEW

Plaintiff Ronald L. Boyd requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Boyd's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d).  At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the Administrative Law Judge ("ALJ")'s decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).  In order to be affirmed, the ALJ must articulate her analysis of the

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case.  For the sake of simplicity, this Entry contains citations to DIB sections only.

2

evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II.     BACKGROUND

Boyd protectively filed for DIB and SSI on August 24, 2012, alleging that he became disabled on May 2, 2012, due to osteoarthritis in the bilateral knees, degenerative joint disease, and spinal arthralgias. Boyd was born on March 17, 1970, and he was forty-two years old on the alleged disability onset date. Boyd has a ninth-grade education and has past relevant work experience as a carpenter and laminator.

Boyd's application was denied initially on October 31, 2012, and upon reconsideration on February 14, 2013. Thereafter, Boyd requested and received a hearing in front of an ALJ. A video hearing, during which Boyd was represented by counsel, was held by ALJ Mary F. Withum on November 12, 2013. The ALJ issued her decision denying Boyd's claim on February 20, 2014; the appeals council denied Boyd's request for review on June 19, 2015. Boyd then filed this timely appeal.

## III.    THE ALJ'S DECISION

The ALJ determined that Boyd met the insured status requirements of the Social Security Act through June 30, 2016. The ALJ determined at step one that Boyd had not engaged in substantial gainful activity since May 2, 2012, the alleged onset date. At steps two and three, the ALJ concluded that Boyd had the severe impairments of "osteoarthritis bilateral knees, degenerative joint disease, and spinal anthralgias," Record at 18, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment.

At step four, the ALJ determined that Boyd had the following Residual Functional Capacity ("RFC"):

> I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except never climb ladders, ropes, or scaffolds; occasional crouching, kneeling, and crawling; frequent overhead reaching; limited to jobs which can be performed while using a hand held assistive device required at all times when walking; avoid concentrated exposure to extreme cold; avoid all exposure to unprotected heights.

*Id.* at 19. Given this RFC, the ALJ determined that Boyd was unable to perform any past relevant work. The ALJ found that transferability of job skills was not material to the determination of disability because the Medical-Vocation Rules supported a finding that Boyd was not disabled. The ALJ found that, considering Boyd's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. Accordingly, the ALJ concluded that Boyd was not disabled as defined by the Act.

## IV.   EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Boyd's brief (Dkt. No. 16) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V.   DISCUSSION

In his brief in support of his complaint, Boyd advances two objections to the ALJ's decision; each is addressed below.

### A. Weight Giving to Treating Source

Boyd argues that the ALJ failed to give adequate weight to the opinion of treating physician Dr. Robert Beeson and failed to comply with all provisions of 20 C.F.R. § 404.1527 in evaluating the treating physician's opinion. An ALJ must give a treating physician's

opinion controlling weight if it is both "(1) supported by medical findings; and (2) consistent with substantial evidence in the record." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing 20 C.F.R. § 404.1527(c)(2)). If the ALJ finds that the opinion is not entitled to controlling weight, the ALJ must still assess the proper weight to give to the opinion. *See id.* This requires consideration of several factors, including the "length, nature, and extent of the physician and claimant's treatment relationship, whether the physician supported his or her opinions with sufficient explanations, and whether the physician specializes in the medical conditions at issue." *Id.* (citations omitted). Boyd contends the ALJ ignored these requirements by erroneously discounting the opinion of treating physician Dr. Robert Beeson.

> The ALJ's discussion of the discussion of the treating physician is as follows:
>
> I gave some weight to the treating-source checklist, but ultimately deferred to DDS and the consultative examiners because the treating-source statement had little narrative and vague descriptions such as "bad days' and references to non-physical statues such as "6th-grade education," which is inconsistent with the record and the claimant's own testimony of a 9th grade education, as well as "undiagnosed/untreated learning disabilities," which is not an alleged impairment. Furthermore, the severity of the claimant's condition expressed in the checklist is not supported by the treating record and is not consistent with other objective medical evidence reviewed.

R. at 21. Boyd is correct that the ALJ's decision fails to address the length, nature, and extent of Dr. Beeson's and Boyd's treatment relationship and whether Dr. Beeson specializes in the medical conditions at issue. More significantly, she does not sufficiently identify the portions of the treating record and objective medical evidence that are inconsistent with Dr. Beeson's opinions. This issue requires remand.

## B. Credibility Determination

Boyd also argues that ALJ failed to properly address SSR 96-7p and ignored evidence supportive of Boyd's subjective symptoms. The Court agrees that the ALJ's explanation for

5

discrediting Boyd's testimony about his subjective symptoms is inadequate. On remand, the ALJ should address each of the seven factors (activities of daily living; location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; type, dosage, effectiveness and side effects of medication; treatment, other than medication; any measures other than treatment used to relieve pain or other symptoms; and any other factors concerning the functional limitations and restrictions due to pain or other symptoms) and specifically explain which of Boyd's statements were not entirely credible or how credible or noncredible any of them were. *See Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011).

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 8/26/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.